UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SAREGAMA PLC,

                Plaintiff,

      v.

SENTHIL VENKATARAMANI,

                Defendant.

-----------------------------------------------------------X

Case No. 15 Civ. 8386

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff, SAREGAMA PLC, by its attorney, Anthony Motta, as and for its Complaint against the defendant, SENTHIL VENKATARAMANI (referred to as "Defendant"), alleges the following:

### THE PARTIES

1.     Plaintiff, Saregama PLC ("Plaintiff"), is a public liability company incorporated pursuant to the laws of the United Kingdom having its principal place of business in London, England. Until approximately January 2013 Plaintiff maintained business premises in the United States at 37 Meridian Rd., Suite E, Edison, NJ 08820.

2.     Upon information and belief, the defendant, Senthil Venkataramani ("Defendant"), is a resident of Ann Arbor, Michigan.

### JURISDICTION AND VENUE

3.     This is a civil action seeking damages for copyright infringement under the Copyright Law of the United States (the "Copyright Act"), Title 17 U.S.C. §101 et seq.

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 (a), and 28 U.S.C. §1331 and §1338 (a).

5.	Venue of this case is proper in this district pursuant to 28 U.S.C. §1391(a), 28 U.S.C. §1400, and as the designated forum in a forum selection clause binding upon Defendant.

## BACKGROUND

6.	Saregama India, Ltd. ("Saregama India") (formally known as the Gramophone Company of India, Ltd.) is a limited liability company organized and existing under the laws of India, publicly traded in the country of India, with its principal place of business in Kolkata, India.

7.	Saregama India is one of the largest and most respected music recording companies in India owning nearly fifty (50%) per cent of the musical compositions and sound recordings that have ever been recorded on the subcontinent.

8.	Pursuant to a sub-publishing agreement between Saregama India and Plaintiff dated October 29, 2000, Saregama India exclusively licensed to Plaintiff, from November 1, 2002 to October 31, 2020, the right to administer and exploit the musical compositions (the music and lyrics) of songs owned by Saregama India.

9.	Pursuant to a sub-licensing agreement dated March 31, 1999, Saregama India, through a predecessor company, exclusively granted to Plaintiff, from November 1, 2002 to October 31, 2020, the right to manufacture, sell, market, perform, advertise, distribute, and license for synchronization the sound and audiovisual recordings of Saregama India.

10.	Upon information and belief, Raaga LLC ("Raaga"), is a corporation incorporated pursuant to the laws of the State of Nevada having its principal place of business in Ann Arbor, Michigan.

11. Upon information and belief, Defendant is an officer, director and the majority, if not sole, shareholder of Raaga and personally directs and supervises the operation of, and personally derives economic benefit from, the business of Raaga.

12. Upon information and belief, Raaga owns the Internet website, raaga.com, located at www.raaga.com (the "Raaga website").

13. The Raaga website states that it provides "Unlimited Music Anytime, Anywhere" with access to "a huge catalog of songs" from the Indian subcontinent in multiple languages including Hindi, Tamil, Telugu, Malayalam, Kannada, Bengali, Gujarati and Punjabi. The Raaga website permits, in part, those who register and obtain a username and password to access and listen to music, either on a computer or by mobile device, such as a smart phone: (a) as streaming media, (b) saved in playlists in "My Music" for access at any time, (c) as pre-programmed live radio channels available in ten languages organized, in part, by musical artist or "mood". The Raaga website provides "editorial picks" and "user playlists" of music, permits the sharing of playlists, the retrieval by third parties of music from playlists, the download of music, and the synching of music with mobile devices. Plaintiff had the exclusive right in the United States to the copyrights in the sound recordings and underlying compositions in approximately thirty-five per cent (35%) of the music available on the Raaga website.

14. Pursuant to agreement dated February 3, 2012 (the "Agreement"), between Plaintiff and Raaga, executed by Defendant on behalf of Raaga, Plaintiff licensed to Raaga the present and future sound recordings, not subject to exclusive license, of Saregama India (the "Music"). The Agreement provided in relevant part as follows:

(a) In the first year of the Agreement, Raaga was to pay a fixed license fee of $150,000 for the unlimited streaming of music, and $50,000 as a minimum guaranteed payment against sixty-five (65%) percent of Raaga's gross income from music downloads. Payment of the $200,000 in license fees and minimum guaranty was required to be made in equal $50,000 payments quarterly, commencing with a payment on March 31, 2012, with the remaining payments due within thirty (30) days from the end of each subsequent quarter.

(b) Raaga was to provide monthly usage reports of music downloads, together with a year-end reconciliation of download fees, and in the event the license fee for music downloads exceeded the minimum guaranty, Raaga was required to pay the excess to Plaintiff.

(c) The term was to expire on the third anniversary of the Agreement, but in the event the parties were unable to negotiate and agree upon a license fee, and/or minimum guaranty against download royalties for years subsequent to the first year, the Agreement was to terminate at the end of the first year.

15. In conformity with the Agreement Plaintiff caused to be delivered to Raaga the Music. Raaga made the Music available to third parties through the Raaga website in the manner set forth above.

16. Raaga paid only $150,000 of the license fee and minimum guaranty leaving $50,000 currently due and owing.

17. Raaga failed to negotiate a new license fee and minimum guaranty for the second and third year of the Agreement, despite request that it do so, with the result that the Agreement terminated on February 2, 2013.

18. By letter dated August 1, 2013, Plaintiff notified Raaga that because of its failure to negotiate a new license fee and a minimum guaranty, the Agreement terminated on February 2, 2013.

19. On January 12, 2015 Plaintiff commenced an action in the United States District Court, Southern District of New York, under Case No. 15 Civ. 0205, against Raaga and Defendant alleging breach of the Agreement against Raaga, for declaratory judgment against Raaga that the Agreement had terminated on February 2, 2013, and for copyright infringement and vicarious and contributory copyright infringement against Raaga and Defendant (the "Action").

20. As the business address provided to Plaintiff by Raaga was not a premises address but a box number at a United Parcel Service store in Ann Arbor, Michigan, service of the summons and complaint in the Action was made upon Raaga through service on its authorized agent as listed with the Nevada Secretary of State.

21. At the time of the commencement of the Action, Plaintiff had neither a business address nor residence address for Defendant and was not able to effect service of process on Defendant.

22. On April 28, 2015 there was entered a default judgment against Raaga in the Action by the Hon. Victor Marrero finding, in part, that Raaga was liable to Plaintiff for breach

of contract and copyright infringement in an amount to be determined at inquest, and dismissing the claims against Defendant without prejudice (the "Default Judgment").

23. By order of reference dated April 28, 2015, Judge Marrero referred the inquest for the determination of damages to Magistrate Judge Frank Maas.

24. In conformity with the scheduling order issued by Judge Maas on May 7, 2015, Saregama filed proposed findings of fact and conclusions of law, an Inquest Memorandum of Law, and sworn statements concerning the amount of damages to be awarded to Saregama in the Action.

25. Raaga failed to file a response to the Inquest Memorandum or to the amount of the damages to be awarded to Saregama. The matter remains pending before Judge Maas.

### FIRST CLAIM AGAINST DEFENDANT TO PIERCE THE CORPORATE VEIL OF RAAGA LLC

26. Raaga has breached the Agreement by:

    (a) Failing to fully pay fixed royalties for music streaming and the minimum guaranty in the amount of $50,000.

    (b) Failing to provide monthly usage reports of music downloads, year-end reconciliation of downloads, and paying the additional download fees, if any, due to Plaintiff.

27. Upon information and belief, Defendant has abused the privilege of doing business in the corporate form by failing to adhere to corporate formalities, because of the inadequate capitalization of Raaga, the commingling of Raaga's assets with his personal assets,

and the use of Raaga's funds to pay Plaintiff's personal expenses. Defendant has used Raaga as a "shell" to advance personal rather than corporate interests.

28. As a result, Defendant should be subject to the obligations of Raaga under the Agreement and be liable to Plaintiff in the amount found to be due Saregama from Raaga in the Action.

29. Plaintiff is entitled to recover against Defendant the amount, not less than $100,000, found to be due from Raaga to Plaintiff for Raaga's breach of the Agreement.

## SECOND CLAIM AGAINST DEFENDANT FOR VICARIOUS AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

30. Plaintiff repeats allegations set forth in paragraphs 1 through 29.

31. This claim is for damages sought by Plaintiff pursuant to the Copyright Act and Copyright Revision Act, 17 U.S.C. § 101, *et seq*.

32. Annexed hereto as Exhibit A is a list setting forth, *inter alia*, the titles of Albums embodying sound recordings and musical compositions of songs comprising part of the Music owned by Saregama India, and licensed exclusively to Plaintiff. Saregama India owns and has registered the sound recordings of each of the Albums listed on Exhibit A, and each of the compositions embodied thereon, with the U.S. Copyright Office, and the Copyright Office's SR registration number is set forth along with the Album titles on Exhibit A (the "Registered Albums"). The sound recordings on the Registered Albums were available on the Raaga website for downloading, interactive streaming and public performance, and represented a very small portion of the Music in which Saregama India owns the copyrights in the sound recordings and underlying compositions available on the Raaga website.

33. All of the Music, including the sound recordings on the Registered Albums, was authored by a foreign national or foreign nationals not resident in the United States and first published outside the United States. Plaintiff, as the licensee of Saregama India, has the exclusive rights to copy, distribute, perform, and perform the Music.

34. Upon information and belief, Defendant has been employed at, is an officer, director and member of, owns and personally directs and supervises the operation of and personally derives economic benefit from the business of Raaga and the Raaga website.

35. Upon information and belief, Defendant determines, authorizes and directs the activities of the Raaga website including, without limitation, the activities infringing Plaintiff's exclusive rights in the copyrights, as alleged herein, including the interactive streaming of Plaintiff's Music.

36. Upon information and belief, Defendant personally conceived and created the Raaga website and personally determined to offer, and selected and created the programming and platform within which to make available for distribution infringing copies of the Music for download and interactive streaming through the Raaga website all with knowledge that the activities on the Raaga website infringed Saregama's copyrights.

37. Raaga and Defendant infringed upon the Music in a number of ways including the following: (1) through the distribution and sale, and/or the authorizing of others to distribute and sell the Music by digital download; (2) commercially exploiting the Music; (3) through the interactive digital streaming of the Music via the Internet; (4) performing or authorizing the performance of the Music; and/or (5) causing and/or materially contributing to and/or by

substantially participating in and furthering the above-mentioned infringing acts, and/or sharing the proceeds therefrom, all through unlicensed sales of the Music.

38.     Upon information and belief, Defendant had the obligation, right and ability to supervise each infringing activity but allowed the infringement to occur, and he had an obvious and direct financial interest in exploiting the Music. Accordingly, Defendant is liable for direct, contributory, and vicarious copyright infringement of the Music.

39.     Upon information and belief, Raaga and Defendant received payments for the unlicensed sale of the Music.

40.     Upon information and belief, Raaga and Defendant received income and/or royalties for the distribution of the Music by digital download and streaming via the Internet.

41.     Each infringement by Raaga and Defendant of Plaintiff's rights in and to the copyrights of Saregama India in the Music constitutes a separate and distinct act of infringement. The acts of infringement were willful, intentional, purposeful, in disregard and/or indifferent to the rights of Plaintiff.

42.     As a direct and proximate result of said infringements, Plaintiff is entitled to damages in an amount to be determined at the Inquest in this Action which Plaintiff cannot presently ascertain or compute.

43.     Plaintiff is also entitled to the profits attributable to the infringements, pursuant to 17 U.S.C. §504, for each separate infringement.

44.     Alternatively, Plaintiff is entitled to statutory damages with respect to the Registered Albums pursuant to 17 U.S.C. §504 (c), in the amount of $150,000.00, or such other amounts as may be proper under 17 U.S.C. §504 (c).

45. Plaintiff is further entitled to an award of its attorney's fees and full costs in the commencement and prosecution of this action pursuant to 17 U.S.C. §505.

**WHEREFORE,** Plaintiff demands judgment as follows:

(a) On its First Claim piercing the corporate veil of Raaga and adjudging Defendant liable for the obligation of Raaga under the Agreement, including but not limited to damages in an amount to be determined at trial, not less than $100,000, together with interest from October 30, 2012.

(b) On its Second Claim against Defendant

  (I) That Defendant is liable for contributory, and/or vicarious copyright infringement.

  (ii) That Defendant be adjudged liable for the damages determined to be due from Raaga.

  (iii) For interest on the damages awarded Plaintiff from February 2, 2013.

  (iv) For Plaintiff's reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

(c) On all of its Claims, for Plaintiff's costs, and disbursements, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 16, 2015

*[signature]*
ANTHONY MOTTA
Attorney for Plaintiff
50 Broadway, Suite 800
New York, N.Y. 10004-1874
Tel: (212) 791-7360
Fax: (212) 791-7468

# EXHIBIT A

| Saregama product # | TITLE | REGISTRATION # |
|---|---|---|
| 120138 | JHANAK JHANAK PAYAL BAAJE/ DO AANKHEN BAARA | SR 402-106 |
| 120139 | PREM PUJARI/DES PARDES | SR 402-104 |
| 130116 | REVIVAL | SR 255-650 |
| 130117 | REVIVAL | SR 255-651 |
| 130134 | REVIVAL | SR 255-652 |
| 130135 | REVIVAL | SR 255-653 |
| 130137 | REVIVAL | SR 255-646 |
| 130138 | REVIVAL | SR 255-645 |
| 130496 | KAREEB | SR 377-169 |
| 152007 | MIRZA GHALIB.. PORTRAIT OF A GENIUS | SR 354-092 |
| 152057 | CRY FOR CRY JAGJIT SINGH | SR 354-094 |
| 154022 | SANGAM | SR 375-465 |
| 154059 | BREATHLESS | SR 295-046 |
| 154138 | 9-NINE | SR 375-467 |
| 154143 | CLOSE TO MY HEART | SR 375-565 |
| **SET OF 2 CDS & ABOVE** | | |
| 112025/26 | DIL VIL PYAR VYAR | SR 377-170 |
| 130111-115 | 50 GLORIOUS YEARS SET II | SR 255-647 |
| 131011-12 | THE GOLDEN COLLECTION LATA &RAFI | SR 258-363 |
| 131013-14 | THE GOLDEN COLLECTION LATA VOL II | SR 252-656 |
| 131015-16 | GOLDEN COLLECTION TALAT MAHMOOD | SR 252-726 |
| 131017-18 | THE GOLDEN COLLECTION MANNA DEY | SR 252-727 |
| 131019-20 | THE GOLDEN COLLECTION GEETA DUTT | SR 252-725 |
| 131021-22 | THE GOLDEN COLLECTION HEMANT KUMAR | SR 252-724 |
| 131023-24 | THE GOLDEN COLLECTION LATA & KISHORE | SR 258-364 |
| 131025-26 | THE GOLDEN COLLECTION ASHA | SR 252-723 |
| 131027-28 | THE GOLDEN COLLECTION MOHD. RAFI VOL 2 | SR 252-729 |
| 131031-32 | THE GOLDEN COLLECTION MUKESH VOL II | SR 251-351 |
| 131033-34 | THE GOLDEN COLLECTION R.D BURMAN | SR 251-365 |
| 131049-50 | THE GOLDEN COLLECTION ASHS/RAFI DUETS | SR 251-366 |
| 131053-54 | THE GOLDEN COLLECTION- SENTIMENTAL SONGS | SR 251-350 |
| 131069-70 | THE GOLDEN COLLECTION DUETS OF KISHORE | SR 244-207 |
| 131087-88 | THE GOLDEN COLLECTION SURAIYA | SR 251-585 |
| 131089-90 | THE GOLDEN COLLECTION MADAN MOHAN | SR 251-352 |
| 131091-92 | THE GOLDEN COLLECTION DHARMENDRA | SR 251-735 |
| 131093-94 | THE GOLDEN COLLECTION BEGUM AKHTAR | SR 235-663 |
| 131095-96 | THE GOLDEN COLLECTION NAUSHAD | SR 251-734 |
| 131097-98 | THE GOLDEN COLLECTION DILIP KUMAR | SR 251-364 |
| 132324-28 | LEGENDS LATA | SR 255-648 |
| 132336-40 | LEGENDS MOHD. RAFI | SR 255-649 |
| 132344-48 | LEGENDS KISHORE KUMAR | SR 371-209 |
| 132371-375 | LEGENDS ASHA BHOSLE | SR 372-814 |
| 132432-36 | LEGENDS HEMANT KUMAR | SR 371-208 |
| 132441-45 | LEGENDS GEETA DUTT | SR 371-210 |
| 132536-40 | LEGENDS DEV ANAND | SR 371-211 |
| 132922-926 | CPMPLETE ROMANCE (5 CDS) | SR 372-812 |

| 2-Oct-08 | | |
|---|---|---|
| | **Details of products registered with Library of Congress - USA** | |
| **Saregama product #** | **TITLE** | **REGISTRATION #** |
| 110048 | 1942 A LOVE STORY | SR 174-511 |
| 110051 | THE GENTLEMAN & OTHER HITS OF '94 | SR 174-512 |
| 110052 | PREM | SR 262-324 |
| 110055 | DIWALE DULHANIYA LE JAYENGE& OTHER HITS | SR 174-513 |
| 110058 | PREM GRANTH | SR 262-331 |
| 110059 | TAMANNA | SR 174-516 |
| 110064 | DASTAK | SR 174-515 |
| 110066 | HIMALAY PUTRA | SR 174-518 |
| 110068 | MRITHYUDAND & OTHER HITS | SR 174-514 |
| 110074 | DAAYRA THE SQUARE CIRCLE | SR 262-318 |
| 110078 | KOI KISISE KUM NAHIN | SR 262-330 |
| 110079 | DIL TO PAGAL HAI | SR 188-896 |
| 110090 | SWAMI VIVEKANANDA | SR 262-325 |
| 110091 | WAJOOD | SR 260-450 |
| 110094 | KUDRAT | SR 260-453 |
| 110095 | AA AB LOUT CHALEN | SR 260-452 |
| 110097 | AARZOO | SR 260-451 |
| 110114 | THAKSHAK | SR 294-805 |
| 110121 | KAHO NA PYAR HAI | SR 294-808 |
| 110145 | MOHABBATEIN | SR 373-507 |
| 110153 | KASOOR | SR 294-812 |
| 110281 | SHADES OF LOVE | SR 375-643 |
| 112003 | REHNA HAI TERE DIL MEIN(RHYDM) | SR 375-562 |
| 112017 | MERE YAAR KI SHAADI HAI | SR 373-506 |
| 112023 | MUJSE DOSTI KAROGE | SR 313-921 |
| 112035 | SAATHIYA | SR 375-535 |
| 112043 | JISM | SR 371-428 |
| 112050 | KUCH NA KAHO | SR 375-534 |
| 112054 | MEIN PREM KI DIWANI HOON | SR 373-519 |
| 112059 | KOI MIL GAYA | SR 373-508 |
| 112073 | PINJAR | SR 375-536 |
| 112087 | PAAP | SR 376-292 |
| 112098 | WHERE IS THE PARTY YAAR | SR 376-043 |
| 112103 | TUM SA NAHI DEKHA | SR 376-044 |
| 112104 | MURDER | SR 375-560 |
| 112133 | ZEHER | SR 375-646 |
| 112145 | FAREB | SR 402-110 |
| 120013 | GUIDE/ JEWEL THIEF | SR 402-111 |
| 120014 | YAADON KI BAARAT/ HUM KISISE KUM NAHIN | SR 402-105 |
| 120028 | DOSTI/ DO RAASTE/ TAQDEER | SR 402-108 |
| 120030 | BARSAT KI RAAT & TAJMAHAL | SR 331-800 |
| 120038 | NAMAK HALAAL/ SHARABHI | SR 402-112 |
| 120108 | YEH RAAT PHIR NA AYEGI/ HUM SAYA | SR 402-103 |
| 120135 | ANAND/ MERE APNE/ BAWARCHI | SR 402-107 |
| 120137 | KOHINOOR/ AAN | SR 402-109 |